## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:05CV-085-M**

**THE OHIO CASUALTY INSURANCE**
**COMPANY**                                                              **PLAINTIFF**

**V.**

**COMMONWEALTH OF KENTUCKY**
**For the Use and Benefit of the**
**CITY OF PROVIDENCE**
**and**
**SARA B. STEVENS**                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss and/or Transfer by Defendant, Sara B. Stevens [DN 8]. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's Motion to Dismiss is **GRANTED.**

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert.

<u>denied</u>, 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief.  <u>Gazette v. City of Pontiac</u>, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716, 726 (6th Cir.1996).  The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  <u>Gazette</u>, 41 F.3d at 1064.  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  <u>Lillard</u>, 76 F.3d at 726 (citation omitted).  In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.  <u>Hirsch v. Arthur Anderson & Co.</u>, 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

This case arises out of a bond dispute between Plaintiff, the Ohio Casualty Insurance Company (Ohio Casualty), and Defendants, City of Providence (Providence) and Sara B. Stevens (Stevens).  Stevens was employed by Providence as City Clerk before she was terminated in 2004.  On October 1, 1997, Ohio Casualty issued a bond on behalf of Stevens, as principal, in favor of Providence, as obligee, in the non-cumulative penal sum of $300,000.  Pursuant to the terms and conditions of the bond, Ohio Casualty agreed to be bound as follows:

If the said Principal shall well, truly and faithfully perform all official duties

> required by law of such official during the term aforesaid, then this obligation shall be void; otherwise to remain in full force and effect...That the surety shall not be liable for any loss or losses, resulting from the failure of the Principal to collect any taxes, licenses, levies, assessments, etc., with the collection of which he may be chargeable by reason of his election or appointment as aforesaid.

On April 13, 2004, Providence claimed a loss.  Thereafter, Ohio Casualty conducted an investigation but was unable to determine whether it was liable for the loss.

Also relevant to this action is a pending matter in Webster Circuit Court filed by Stevens against Providence and various employees of the city for various torts arising out of her termination.  In response to that claim, Providence and the named employees filed a counterclaim in which they alleged that Stevens wrongfully converted its assets without authorization.

Neither Stevens' state court claim nor Providence's counterclaim names Ohio Casualty as a party, although Providence has since moved to join Ohio Casualty in the state court action.  Ohio Casualty, concerned about its rights, duties, and obligations under the bond, now seeks a Declaratory Judgment before the Court.  In response to Ohio Casualty's Complaint for Declaratory Judgment, Providence has filed a crossclaim against Stevens and a counterclaim against Ohio Casualty.  In light of the pending state court action, Defendant Stevens has now moved the Court to dismiss and/or transfer the Complaint for Declaratory Judgment, the crossclaim, and the counterclaim.

## III. DISCUSSION

In her Motion to Dismiss, Stevens contends that the Court should exercise its discretion and not hear the case as a similar matter is pending in Webster Circuit Court. Ohio Casualty argues that the facts and legal issues are somewhat distinct in the state court action, and thus, the Court should exercise its discretion in favor of hearing the case.

"It would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942) "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Id. at 496.   In Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995), the Court reaffirmed the discretionary standard.  In the Sixth Circuit, the decision whether to exercise that discretion is guided by a five-factor test:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

 (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

AmSouth Bank v. Dale, 386 F.3d 763, 785 (6th Cir. 2004).

As a general matter, the Sixth Circuit has stated that it questions the "need for . . .

declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 816-17 (6th Cir. 2004) (quoting Am. Home Assur. Co. v. Evans, 791 F.2d 61, 63 (6th Cir. 1986)). In insurance coverage diversity cases, "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." Id. at 812 (quoting Am. Home Assur. Co., 791 F.2d at 63).

The Court has considered the above factors and law and concludes that it should not exercise jurisdiction over this matter. The underlying issue is the conduct of Stevens. If Stevens faithfully performed her duties in her position of Providence City Clerk, then Ohio Casualty has no obligation to Providence under the terms of the bond. If Stevens did not faithfully perform her duties, then Providence can make a claim under the bond. The appropriateness of Stevens' conduct was raised by Providence in its counterclaim before the Webster Circuit Court. That court will fully address the matter, and for this Court to likewise do so would increase friction between federal and state courts and would overlook the fact that a more effective alternative remedy is already in place. Inconsistent results may occur if both courts addressed Stevens' conduct.

Ohio Casualty notes that the case involves a surety and not an insurance carrier. Nevertheless, Ohio Casualty is still seeking an advance opinion on an issue of liability that the state court will address. Ohio Casualty also raises the concern that neither party had named it in the actions before the Webster Circuit Court. Since that time, however,

Providence has filed a motion to add Ohio Casualty as a party.  Ohio Casualty could also move to permissively intervene in the state court litigation as its claim and the main action before the Webster Circuit Court have a question of law or fact in common.  Ky CR 24.02. When Ohio Casualty is added to the state court litigation, discovery can proceed and the state court will be able to determine what obligations, if any, Ohio Casualty has under the bond.

The Court is convinced, after applying the <u>Dale</u> factors, that it would be inappropriate to further consider this matter.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DN 8] is **GRANTED.**

cc: counsel of record
05cv-085Stevens

-6-